

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 16, 2021

Maria T. Rodriguez, Esq.
P.O. Box 2176
Tarpon Springs, FL 34688
attorneymariar@aol.com
*Via ECF and e-mail*

    Re:    *United States v. Audrey Ann Southard-Rumsey*
             Case No. 21-CR-387-APM

Dear Counsel:

    I will be sharing a third production of preliminary discovery in this case using the government's USAfx File Exchange System in the next few days. Although you may review the entire discovery on the shared drive, in order to retain access to the discovery, you must download it immediately. Once all uploaded materials are available for download, I will alert you via email.

    This production of preliminary discovery contains video obtained in another Capitol Breach investigation. In particular, I would direct your attention to the video C0018.MP4, which shows Ms. Southard-Rumsey pressing a flagpole against a U.S. Capitol Police Officer.

    Each video is designated Sensitive under the protective order entered in this case.

    Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

    The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

*/s/ Alexis Loeb*

Alexis Loeb
Assistant United States Attorney
Detailee