## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                       )         CASE NO. 21-CR-387<br>)<br>)<br>AUDREY SOUTHARD-RUMSEY, )<br>    Defendant.                        ) | |

### MOTION TO DISMISS (COUNT 9)

COMES NOW, Defendant Audrey Southard-Rumsey, via undersigned counsel, and moves this Court, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v), to dismiss Count 9 of the Second Superseding Indictment charging Defendant with 'Obstruction of an Official Proceeding and Aiding and Abetting in violation of Title 18 U.S.C. 1512(c)(2) and 2'.

Count 9 of the Indictment alleges that on January 6th, 2021, within the District of Columbia and elsewhere, that Audrey Ann Southard-Rumsey attempted and did corruptly obstruct, influence, and impede an official proceeding before Congress, specifically, 'Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. Section 15-18'.

Title 18 Section 1512(c) Whoever corruptly

    (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

    (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

    shall be fined under this title or imprisoned not more than 20 years or both.

Section 1512(c)(2) includes a subjective and vague term 'otherwise' in which the Government seemingly relies on as a catch-all to any conduct from a defendant, that may in some unknown way, obstruct an official proceeding of Congress.

Section 1512(c)(2) makes no mention of spoliation or tampering with any evidence or documents as of the kind or related to the kind stated in Section 1512(c)(1). Count 9 of the Indictment does not charge Defendant with any such conduct. (ECF No. 38).

On June 8th, 2018, Attorney General William Barr drafted a Memorandum to the Deputy Attorney General Rod Rosenstein which, in great detail, discusses Section 1512(c)(1) and the residual clause contained in Section 1512(c)(2).[1] The Memo also considers and discusses two Supreme Court cases, *Begay v. United States*, 553 U.S. 137 (2008) and *Yates v. United States*, 574 U.S. 528 (2015) in its analysis. Barr, in reviewing the statute's plain language concluded ' . . . the 'catch all' language in clause (c)(2) encompasses any conduct, even if not specifically described in 1512, that is directed at undermining a proceeding's truth-finding function through actions impairing the integrity and availability of evidence'. Barr Memo at 4-5.

Importantly, On May 7th, 2022, Judge Nichols entered his Memorandum Opinion granting a Motion to Dismiss filed by defendant Miller as to Section 1512(c)(2) obstruction charge in *United States v. Miller*, 1:21-CR-119 (CJN), 2022 WL 823070. Judge Nichols ruled that 'Section 1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, records, or other object in order to corruptly obstruct, impede or influence an official proceeding.' *Id*.

Count 9 of the Indictment does not allege that Audrey Southard took any action reference a document, record, or other object. Count 9 of the Indictment does not mention, or

---

[1] Barr memo at https://s3.documentcloud.org/documents/5638848/june-2018-Barr-Memo-to-DOJ-Muellers-Obstruction.pdf.

include any verbiage reference any record, document, or other object regarding the obstruction of an official proceeding. The Government would be hard pressed to include said verbiage in Count 9 of the Indictment as Audrey Southard did not alter, destroy, mutilate, or conceal a record, document, or other object or attempt to do so.

The integrity and availability of evidence, ie, the Electoral College votes themselves, as submitted by the States to Congress, remained intact and in their pristine form. A delay of a few hours in certifying the election on January 6th, 2021, has no bearing on the integrity and availability of a record, a document, or another object, or of the Certification itself. On the contrary, many legislators no longer objected to the Electoral votes because they left the building for a few hours.

For purposes of this Motion to Dismiss Count 9, Defendant adopts the arguments made in the Motion to Dismiss as filed in *U.S. v. Seitz*, 21-CR-279 (DLF) (ECF No. 41 at 3-9 attached hereto) only as to 1512(c)(2) failing to allege conduct that 'otherwise obstructs, influences, or impedes any official proceeding'. Said exclusion on the Indictment deems Section 1512(c)(2) statutorily vague and must be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss Count 9 has been furnished via Electronic Filing to Alexis Loeb, AUSA, Office of the U.S. Attorney, District of Columbia, alexis.loeb@usdoj.gov, Robert L. Jenkins, Jr., Esq., Rjenkins@BynumAndJenkinsLaw.com, 1010 Cameron St., Alexandria, VA 22314 on this 23rd day of January, 2023.

*/S/ Maria T. Rodriguez*
_____
Maria T. Rodriguez, Attorney at Law
P.O. Box 2176
Tarpon Springs, FL 34688
Tel: (727) 238-2342
Fla. Bar No.: 0168180 / US FL MD /
US DC Court: Admitted *pro hac vice*
Email: attorneymariar@aol.com