**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 21-cr-00387 (APM) |
| **AUDREY ANN SOUTHARD-RUMSEY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

In advance of her stipulated trial, Defendant Audrey Ann Southard-Rumsey has moved to dismiss Count Nine of the indictment, which charges her with obstruction of an official proceeding and aiding and abetting in violation of 18 U.S.C. §§ 1512(c)(2), 2. Def.'s Mot. to Dismiss (Count 9), ECF No. 46 [hereinafter Def.'s Mot.]. Defendant argues that the court should adopt the ruling in *United States v. Miller* that § 1512(c)(2) must be interpreted narrowly as limited by subsection (c)(1), and thus requires a defendant to have taken some action with respect to documents, records, or other object in order to violate the statute. *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022). And, Defendant asserts, because she is not alleged to have taken any action with respect to any document, record, etc., in order to obstruct, impede or influence an official proceeding, Count Nine fails to state an offense. Def.'s Mot. at 2–3. This court, however, disagrees with the reasoning of *Miller* for the reasons stated by other judges of this court. *See United States v. McHugh*, No. 21-cr-453 (JDB), 2022 WL 1302880 (D.D.C. May 2, 2022); *United States v. Reffitt*, No. 21-cr-32 (DLF), 2022 WL 1404247, at 7–10 (D.D.C. May 4, 2022); *United States v. Bingert*, No. 1:21-cr-91 (RCL), 2022 WL 1659163, at 7–11 (D.D.C. May 25,

2022); *United States v. Fitzsimons*, No. 21-cr-158 (RC), 2022 WL 1698063, at 6–12 (D.D.C. May 26, 2022); *United States v. Williams*, No. 21-cr-0618 (ABJ), 2022 WL 2237301, at *17 n. 13 (D.D.C. June 22, 2022). Count Nine states an offense against Defendant.

Defendant also cites a memorandum written by former Attorney General William Barr, which purports to read § 1512(c)(2) as the court did in *Miller*. Def.'s Mot. at 2. But that memorandum was written by the former Attorney General as a private citizen and "any suggestion that the memorandum represents the views of the Department of Justice is inaccurate." *United States v. Montgomery*, 578 F. Supp. 3d 54, 69 n.3 (D.D.C. 2021).

Finally, to the extent Defendant presses any other arguments about the constitutionality of § 1512(c)(2) or the insufficiency of the allegations supporting Count Nine, the court rejects those for the reasons stated by this court in *United States v. Caldwell*, 581 F. Supp. 3d 1, 11–33 (D.D.C. 2021), and the court in *Montgomery*, 578 F. Supp. 3d at 61–87.

For the foregoing reasons, Defendant's Motion to Dismiss (Count Nine), ECF No. 46, is denied.

Dated: January 27, 2023

Amit P. Mehta
United States District Court Judge